# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IGNACIO CRUZ, | ) | |
|     *Petitioner*, | ) | No. 16 C 06481 |
| | ) | |
| v. | ) | Hon. Virginia M. Kendall |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ignacio Cruz moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the following reasons the Court denies his § 2255 Motion and declines to issue a certificate of appealability. [1.]

## BACKGROUND

U.S. Border Patrol agents arrested Cruz outside of Laredo, Texas, after discovering 37 kilograms of heroin inside his SUV in May 2010. *See* (Dkt. No. 27, at 1). Cruz pleaded guilty to conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 and immediately began cooperating in exchange for an "11(c)(1)(C)" agreement. *Id.* 1-2; *see also* Fed. R. Crim. P. 11(c)(1)(C). Cruz's cooperation and other assurances in the Plea Agreement came in exchange for the Government's promise to move for reduction during sentencing pursuant to both the U.S. Sentencing Guidelines Manual ("Guidelines") § 5K1.1 and 18 U.S.C. § 3553(e).[2]

---

[1] Cruz improperly labeled this action as if filed in his criminal case, *United States v. Cruz*, Case No. 10 CR 473-1, however collateral appeals pursuant to 28 U.S.C. § 2255 are civil in nature and are appropriately titled as filed by the original criminal Defendant, as petitioner, versus the United States, or the warden currently responsible for detention of the petitioner, as respondent. The Court has corrected the caption accordingly.

[2] Under this kind of plea agreement, the Petitioner provides substantial assistance in the investigation or prosecution of another person who has committed an offense and doing so permits the Court to issue a sentence that is below the statutorily required minimum. *See* U.S. Sentencing Guidelines Manual § 5K1.1 cmt. n.1 (2016).

Critical to this petition, Cruz's sentence was based on a criminal history category VI and Cruz was sentenced as a career offender based on two prior convictions: aggravated discharge of a firearm and robbery (both Illinois offenses). *See United States v. Cruz*, No. 10 CR 473-1, at Dkt. No. 34. Cruz's guideline calculation therefore resulted in an advisory range of 292 to 365 months. Fifty percent of the low end of that range resulted in a 146-month sentence. *Id*. In exchange for this significant reduction, Cruz waived his right to appeal and to attack his sentence in a collateral petition. Cruz did not file a direct appeal. At sentencing, the Court accepted the 11(c)(1)(C) agreement and imposed the agreed upon sentence of 146 months which was 50% off the low end of the Sentencing Guideline range. *See Cruz*, at Dkt. Nos. 33, 34.

Cruz did not file a direct appeal, but in 2014 he successfully filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction based on a guideline range that was lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). As a result, the Court reduced his term of imprisonment to 117 months. *Id*. at Dkt. No. 42.

Cruz now attempts to circumvent his unambiguous waiver of collateral attack by petitioning to vacate, set aside, or alter his sentence pursuant to *Johnson* and *Welch*. *See generally* 135 S.Ct. 2551 (2015); 136 S.Ct. 1257 (2016);[3] *see also* (Dkt. No. 1, at 3-4, 6-7, 13).

## **LEGAL STANDARD**

A federal prisoner may move to vacate, set aside, or correct the sentence on the grounds the district court imposed the sentence in violation of the Constitution or laws of the United States, the district court lacked jurisdiction to impose the sentence, the sentence exceeded that permitted by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Relief

---

[3] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague and therefore void, *see* 135 S.Ct. at 2556-57; while in *Welch* the Supreme Court held that *Johnson* is to be applied retroactively. *See* 136 S.Ct. at 1268.

2

under § 2255 is considered an extraordinary remedy whereby the district court essentially reopens the criminal process to a person who has already had an opportunity for full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). If the record before the district court shows that a petitioner is not entitled to relief, the district court may dismiss a petition under § 2255 at an early stage and without an evidentiary hearing. *Id*.

A Defendant may also enter into a plea agreement wherein he waives his right to file any petition for collateral attack in exchange for the Government's motion for downward departure or for any benefit he deems appropriate. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The Court may only consider a collateral attack on appeal in such a situation if the Petitioner can establish that he did not enter into the plea agreement waiver knowingly and voluntarily or he had ineffective assistance of counsel at the time. *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000).

If Plaintiff has not waived his right to attack his sentence, then the time for filing a motion pursuant to § 2255 is one year from the "date on which the judgment of conviction becomes final." *Clay v. United States*, 537 U.S. 522, 524 (2003) (citing 28 U.S.C. § 2255(f)); *see also Perrone v. United States*, 889 F.3d 898, 909 (7th Cir. 2018). Alternatively, the statute contains three other circumstances where a petitioner need not toll the time to file from the entry of final judgment including: (1) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action[;]" or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[;]" or (3) "the

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4).

Cruz does not argue that he entered into his plea unknowingly nor does he allege that his lawyer was ineffective. Instead, Cruz only argues that he is able to file the petition and that his petition is timely under § 2255(f)(3) on the theory that the decisions in *Johnson* and *Welch* tolled his applicable statute of limitations for filing to one year after the entry of judgment in *Welch*. *See* (Dkt. No. 1, at 3) ("[r]ecently, the [] Supreme Court held that *Johnson* is retroactive … [t]herefore, challenges may be made by motion for relief under 28 U.S.C. § 2255").**DISCUSSION**

**I. Cruz waived his right to file the petition**

Cruz entered into an 11(c)(1)(C) based on his cooperation in exchange for the Government's "agree[ment] that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (*such a recommendation binds the court once the court accepts the plea agreement*)." Fed. R. Crim. P. 11(c)(1)(C) (emphasis added). As such, a court only has three options when faced with an 11(c)(1)(C) agreement: "accept the agreement, reject it, or defer until the court has reviewed the presentence report." *U.S. v. Dixon*, 687 F.3d 356, 357 n.1 (7th Cir. 2012).

A plea agreement may include a petitioner's waiver or a right to a direct appeal or to bring a § 2255 petition and such pleas are routinely upheld as valid. *Solano v. United Sates*, 812 F.3d 573, 577 (7th Cir. 2016) (a defendant may voluntarily waive his right to both direct appeal and collateral attacks within a written plea agreement); *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999) (same); *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). A waiver

4

will stand unless the defendant can show that the guilty plea was entered without knowing or understanding the terms or unless the defendant can prove ineffective assistance of counsel specifically with respect to the negotiation of the waiver. *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000) (discussing the grounds for challenging such a waiver in a written plea agreement). A petitioner fails to make such a showing of lack of knowledge when he provides unequivocal affirmative admissions regarding his understanding of the terms of the plea agreement during a plea hearing and the colloquy includes giving up the right to appeal or challenge a sentence in any way. *Mason*, 211 F.3d at 1068; *see also United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997); *United States v. Sura*, 511 F.3d 654, 661 (7th Cir. 2007) (requiring the district court to inform the defendant of an appellate waiver during the Rule 11 colloquy); *United States v. Shoulders*, No. 17 C 5299; 2018 WL 2096519, at *5 (N.D. Ill. 2018) (Kendall, J.).

The plea colloquy here established a clear record that Cruz entered into the agreement knowingly and intelligently. After finding the Petitioner competent to enter a plea of guilty the Court asked the Petitioner various questions while he was under oath:

> **The Court**: "Now, do you understand that [a maximum of life and a statutory mandatory minimum of ten years] are the maximum penalties that you could receive for this crime?"
> **Cruz**: "Yes, your Honor."
> . . .
> **The Court**: "Okay. Now, did you talk [with your attorney] about the sentencing guidelines also?"
> **Cruz**: "Yes, we talked about it."
> **The Court**: "Okay. Did you ask him questions about this plea agreement?"
> **Cruz**: "Yeah we talked about it."

*See Cruz*, No. 10 CR 473-1, Dkt. Nos. 20 (Nov. 22, 2010). Then, following an explanation of the applicable Sentencing Guidelines range, the Court and Cruz continued:

> **The Court**: "And this agreement is not contingent upon the Court accepting either the guideline calculations … [d]o you understand that?"
> **Cruz**: "Yes, your Honor."

> **The Court**: "Okay. Now, this is a cooperation agreement where you are to cooperate fully in any manner in which you are called upon to testify or to cooperate by the United States Attorney's Office for the Northern District of Illinois. And at the time of sentencing, the Government is going to make known to me the extent of that cooperation, and if they think that it is full and truthful, then they are going to move for a departure, based upon guideline 5K1.1 and 18 U.S.C. 3553. And they are going to ask me to depart from that guideline range. Now, if the Government moves me to depart, then the agreement is governed by this section of the rule called 11(c)(1)(C). And that means, if they come to sentencing, you have cooperated, and they make that motion and I grant it, then you and the Government have agreed that the sentence imposed by the Court will be a term of imprisonment in the custody of the Bureau of Prisons of 50 percent of the low end of the applicable guideline range, or 50 percent of the statutory minimum sentence, whichever is higher … Do you understand that?"
> **Cruz**: "Yes, I do."
>
> …
>
> **The Court**: "Now, if you plead guilty here today you are going to waive all of those trial rights. Do you understand that?"
> **Cruz**: "Yes."
> **The Court**: "You are also going to waiving your appellate rights, based upon the concessions that have been made within this plea agreement by the Government. Do you understand that you are waiving your right to appeal your conviction and the sentence imposed because if the Government makes a motion at sentencing for a downward departure and that motion is made, then you are waiving your right to challenge your sentence on appeal? Do you understand that?"
> **Cruz**: "Yes."
> **The Court**: "Also, you are waiving your right to challenge your conviction and your sentence in the manner in which the sentence was determined in any case in which the term of your imprisonment and fine are within the maximums provided and your attorney's failure or refusal to file a notice of appeal in any collateral attack or future challenge, including, but not limited to a § 2255 motion. The only thing that's excluded there is the waiver of this – the waiver contained in this paragraph. It doesn't apply to a claim of involuntariness or ineffective assistance of counsel. Do you understand all of the appellate and the collateral attack rights you are waiving?"
> **Cruz**: "Yes."

*Id*.

The record is clear that Cruz waived all rights associated with trial as well as his rights to appeal "any part of the sentence (or manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, in exchange for the concessions made by the United States." *Id*., Dkt. No. 20, at 16. Furthermore, Cruz also waived

his right to seek collateral review pursuant to 28 U.S.C. § 2255 except for appealing based on claims of involuntariness or ineffective assistance of counsel, which he is not challenging in the current motion. *Id*. Regardless, a review of the record exhibits his cooperation and satisfaction with his counsel and therefore no prejudice resulting from the plea agreement and subsequent sentencing. Most likely recognizing his voluntary plea and the significant benefit he received as a result, Cruz seemingly attempts to attack the sentence by tagging *Johnson*'s reasoning to the back of the Career Offender Guidelines but to no avail based on either the merits or as a matter of waiver.

Cruz does not allege that his counsel was ineffective.

## II. Arguments based on *Johnson* and *Welch*

Cruz attempts to circumvent his waiver by arguing that *Johnson* and *Welch* – two decisions by the Supreme Court pertaining to *statutory* interpretation of the Armed Career Criminal Act – should apply equally to the Career Offender Guidelines that formed the basis of his sentence. *See* (Dkt. No. 1, at 3-5). In *Johnson* the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. §924(e)(2)(B)(ii), is unconstitutionally vague because it "combin[es] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony." *Johnson*, 135 S.Ct. at 2558. When *Welch* made *Johnson* retroactive one year later, it effectively triggered the (f)(3) exception to the one-year statute of limitations for filing a § 2255 petition challenging any sentence *involving the ACCA*. *See Welch*, 136 S.Ct. at 1268 (emphasis added).

Since the filing of Petitioner's motion, however, the Supreme Court addressed the exact issue that Cruz uses to bootstrap his way into the court for review. *Beckles v. United States*. 137 S.Ct. 886 (2017). In *Beckles,* delivered March 2017, the Supreme Court held that "the [Sentencing]

7

Guidelines are not amendable to a vagueness challenge." *Id*. 894. Unlike the statutorily established ACCA, "[t]he Guidelines … do not regulate the public by prohibiting any conduct or by establishing minimum and maximum penalties for [any] crime." *Id*. 895; *see also Mistretta v. United States*, 488 U.S. 361, 396 (1989). Cruz was sentenced as a Career Offender under the Federal Sentencing Guidleines and therefore Johnson and Welch are inapplicable and Beckles is dispositive of his claim. Given that Cruz's sentence resulted from the Sentencing Guidelines and not from the ACCA, and applying the Supreme Court's decision in *Beckles*, Cruz's argument on the merits that *Johnson* and *Welch* should apply to the Sentencing Guidelines is rejected as incorrect.[4]

## CONCLUSION

The record shows that Cruz engaged in a thorough and complete change-of-plea where he admitted under oath that he understood what his sentence would be if he cooperated fully with the Government and in return moved for a departure at his sentencing. He fully understood that he was waiving his trial and appellate rights as well as his right to file a collateral attack in exchange for a reduction in his sentence via the 11(c)(1)(C) agreement between the parties. Even if he had not waived his right to appeal, Cruz's argument is foreclosed by *Beckles*. Without a valid claim before the Court, Cruz's unequivocal waiver of his right to appeal or to seek collateral review contained within the Plea Agreement must be enforced and so the petitioner is not entitled to relief and the Court lacks jurisdiction to review the § 2255 motion. *See United States v. Nave*, 302 F.3d 719, 721 (7th Cir. 2002); *United States v. Crayton*, 259 F. App'x 880, 890 (7th Cir. 2008); *United States v. Hallahan*, 756 F.3d 962, 971 (7th Cir. 2014). Cruz's § 2255 Motion is dismissed for lack

---

[4] The Court adds as a procedural matter that Cruz's petition would also be time-barred because the one-year statute of limitations from the date his conviction and sentence became final and no other exception – as enunciated in 28 U.S.C. § 2255(f)(2)-(4) – are applicable. Thus, either way Cruz's theory is deficient on the merits, or as a matter of procedure.

8

of jurisdiction. [1.] The Court further declines to issue a certificate of appealability because Cruz's claims do not involve "errors of constitutional magnitude," and they do not raise "fundamental defects" resulting in a complete miscarriage of justice.

										_____
										Hon. Virginia M. Kendall
										United States District Judge

Date: August 29, 2018